J-S75024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT AUSTIN | |
| Appellant | No. 2254 EDA 2015 |

Appeal from the PCRA Order June 16, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0516941-1993

BEFORE:  BOWES, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:        **FILED OCTOBER 25, 2016**

Robert Austin appeals from the June 16, 2015 order of the Court of Common Pleas of Philadelphia County dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On October 11, 1994, a jury convicted Austin of first-degree murder and robbery.[1]  On February 22, 1996, the trial court sentenced Austin to an aggregate term of life (for first-degree murder) plus 10 to 20 years' imprisonment (for robbery).  Austin filed post-sentence motions on February 29, 1996, which the trial court denied on July 10, 1996.  This Court affirmed the judgment of sentence on February 20, 1998.  On January 26, 1999, the

_____

[1] 18 Pa.C.S. §§ 2502(a) and 3701, respectively.

Supreme Court of Pennsylvania denied Austin's petition for allowance of appeal. Austin did not a file a petition for a writ of *certiorari* with the Supreme Court of the United States within 90 days.

On January 13, 2000, Austin timely filed his first PCRA petition *pro se*, and the PCRA court appointed counsel. On February 7, 2001, Austin's counsel filed a **Turner**/**Finley**[2] letter. On March 16, 2001, the PCRA court issued a notice of intent to dismiss the petition. On June 6, 2001, the PCRA court dismissed the petition and allowed counsel to withdraw. Austin did not appeal from the PCRA court's decision.

On August 6, 2004, Austin filed his second PCRA petition, which the PCRA court dismissed as untimely. On May 4, 2005, Austin filed a motion for post-conviction DNA testing, seeking DNA testing of clothing he wore the night of the murder. On June 29, 2005, the PCRA court denied the motion.[3]

On May 16, 2005, while the motion for DNA testing was pending, Austin appealed the dismissal of his second PCRA petition. This Court affirmed the dismissal of the petition on April 19, 2006.

On August 23, 2007, Austin filed a third PCRA petition. On June 5, 2008, the PCRA court dismissed the third petition as untimely. Austin filed a

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] Austin did not appeal the PCRA court's denial of his motion for post-conviction DNA testing.

notice of appeal on June 23, 2008, and this Court affirmed the PCRA court's decision on July 13, 2010.

On January 10, 2014, Austin filed his fourth PCRA petition, which he amended on March 10, 2014. On June 16, 2015, the PCRA court dismissed the petition as untimely.[4] On July 16, 2015, Austin filed a timely notice of appeal with this Court. Both Austin and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

Austin raises the following issue on appeal:

> Whether the court erred by denying [Austin's] PCRA petition that established clearly the first timely filed PCRA petition contained issue [*sic*] that have merit, and that court appointed counsel was constitutionally ineffective under Pennsylvania laws by filing a "***Finley*** letter" abandoning [Austin], allowing this subsequent PCRA petition to be an extension of the timely filed first PCRA

_____

[4] The PCRA court did not issue a notice of intent to deny the petition pursuant to Pennsylvania Rule of Criminal Procedure 907. Although this Court has previously held that Rule 907 notice is mandatory, Austin has not objected to its omission and, thus, has waived the issue. ***See Commonwealth v. Boyd***, 923 A.2d 513, 514 n.1 (Pa.Super. 2007).

Furthermore, our Supreme Court has previously refused to grant relief to a PCRA petitioner based on a trial court's failure to provide notice of its intent to dismiss the PCRA petition, where, after the Court's independent review, it found the petitioner failed to plead and prove a time-bar exception. ***Commonwealth v. Pursell***, 749 A.2d 911, 917 n.7 (Pa. 2000). Here, Austin's PCRA petition was untimely filed and he has failed to invoke any of the time-bar exceptions, so he is not entitled to relief based on the lack of Rule 907 notice.

> petitioner [*sic*], entitling relief to file a [*nunc pro tunc*] direct appeal.

Austin's Br. at v.

Before addressing the merits of Austin's PCRA petition, we must first determine whether his petition is timely. Under Pennsylvania law, no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010); ***see also Commonwealth v. Davis***, 916 A.2d 1206, 1208 (Pa.Super. 2007) (timeliness requirement of the PCRA is "mandatory and jurisdictional in nature") (quoting ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa.Super. 2001)). "[A] PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." ***Monaco***, 996 A.2d at 1079; ***see*** 42 Pa.C.S. § 9545(b)(1). A judgment is "final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

There are three exceptions to the PCRA's time-bar, establishing the limited circumstances under which the late filing of a petition will be excused. ***Monaco***, 996 A.2d at 1079 (citing 42 Pa.C.S. § 9545(b)(1)). For one of the exceptions to apply, a petitioner must allege and prove one of the following:

- 4 -

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Further, a petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2).

Austin's judgment of sentence became final on April 26, 1999.[5] Austin had one year from that date, *i.e.*, until April 26, 2000, to file a timely PCRA petition. Therefore, Austin's current petition, filed on January 10, 2014, is

---

[5] *See* U.S. S. Ct. R. 13 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa.Super. 1998) (finding that appellant's judgment of sentence became final on August 13, 1996, 90 days after Supreme Court of Pennsylvania denied appellant's petition for *allocatur* on May 15, 1996). Here, the Pennsylvania Supreme Court denied Austin's petition for allowance of appeal on January 26, 1999. Thus, the judgment became final 90 days later, on April 26, 1999.

facially untimely. Austin's petition remains untimely unless it alleges and proves one of the PCRA time-bar exceptions.

Austin does not allege or prove any of the three exceptions to the one-year time-bar. Rather, he raises an ineffective assistance of counsel claim. Austin argues that appointed counsel during his first PCRA petition was ineffective for failing to argue that his counsel on direct appeal was ineffective. Austin's Br. at 1. Austin asks this Court to consider his fourth PCRA petition as an extension of his first PCRA petition and seeks leave to file a *nunc pro tunc* direct appeal. *Id.* at 5.

"It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1126 (Pa. 2005). Because Austin raises an ineffective assistance counsel claim and does not allege any of the three exceptions to the one-year PCRA time-bar, the PCRA court properly dismissed his fourth PCRA petition as untimely.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2016